PERSONALLY SERVED

| | | |
|---|---|---|
| STATE OF MINNESOTA | FILED<br>MINNEAPOLIS, MINN | DISTRICT COURT |
| COUNTY OF HENNEPIN | 14 NOV -4 AM 10: 26 | FOURTH JUDICIAL DISTRICT |

CITY CLERK DEPARTMENT

Jesse McLemore,

          Plaintiff,

Case Type: Civil Rights

Court File No. _____

v.

**Jer Yang (aka James Yang)**, individually and in his official capacity as a Minneapolis Police Officer; **Christopher Steward**, individually and in his official capacity as a Minneapolis Police Officer, **Officer John Doe**, individually and in his official capacity as a Minneapolis Police Officer,

          Defendants.

**SUMMONS**

THIS SUMMONS IS DIRECTED TO THE CITY OF MINNEAPOLIS

    1.    YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2.    YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Kuhlman Law, PLLC
        333 Washington Ave. N., Suite 335
        Minneapolis, MN 55401

Exhibit A

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

The object of this action is: Civil Rights

Dated: November 3, 2014

KUHLMAN LAW, PLLC

*Chris Kuhlman*

Christopher J. Kuhlman, Atty. No. 0386840

Exhibit A

333 Washington Ave. N., Suite 335
Minneapolis, Minnesota 55401
ph. 612.349.2747
fax 612.435.9835
ATTORNEY FOR PLAINTIFF



Exhibit A

STATE OF MINNESOTA                                COUNTY OF HENNEPIN

DISTRICT COURT                                    FOURTH JUDICIAL DISTRICT

                                                  CASE TYPE: CIVIL RIGHTS

Jesse McLemore,                     Case No. _____

          Plaintiff,

v.                                                     **COMPLAINT**
                                                  **(JURY TRIAL DEMANDED)**

**Jer Yang (aka James Yang)**, individually and in his official capacity as a Minneapolis Police Officer; **Christopher Steward**, individually and in his official capacity as a Minneapolis Police Officer; **Officer John Doe,** individually and in his official capacity as a Minneapolis Police Officer,

          **Defendants.**

## INTRODUCTION

1. This is a civil rights action for money damages pursuant to Title 42 U.S.C. § 1983. On August 6, 2014, Defendants willfully and intentionally deprived Plaintiff, Jesse McLemore, of rights secured by United States Constitution and laws and statutes thereunder.

2. On August 6, 2014, Plaintiff was in his alley, walking home from the convenience store when a Minneapolis Police Officer asked him what he was doing. McLemore said that he was just going home. The Officer told McLemore that he could not go that way. Plaintiff said okay and began to cut through his neighbor's yard to his

Exhibit B

house, which was less than 100 feet away. As McLemore was several steps from his backdoor, he observed several other police officers in his property's backyard. These police officers directed unprofessional and hostile language at Plaintiff. Plaintiff told the officers he did not appreciate their comments and that they were trespassing. The police officers then entered his home, pulled him out into the backyard, savagely beat him, threw him to the ground, and then repeatedly kicked him in the stomach and ribs. After the beating was over, one of the officers asked Plaintiff if he had "anything else to say, smartass?"

## JURISDICTION AND VENUE

3. Plaintiff bases his claims on Title 42 U.S.C. § 1983. This Court therefore, has supplemental jurisdiction to hear Plaintiff's claims.

4. Venue lies properly in this district because all of the events giving rise to Plaintiff's claims occurred in this district and because the unlawful practices alleged herein occurred in this district.

## PARTIES

5. Plaintiff Jesse McLemore is a U.S. Marine Corps veteran and a resident and domiciliary of Minneapolis, Hennepin County, Minnesota.

6. Upon information and belief, Defendant Officer Jer "James" Yang was and still is a police officer for the Minneapolis Police Department and, upon information and belief, is a resident of Minnesota.

Exhibit B

7. Upon information and belief, Defendant Officer Christopher Steward was and still is a police officer for the Minneapolis Police Department and, upon information and belief, is a resident of Minnesota.

8. At all times relevant to this Complaint, Defendants acted under the color of state law and in the scope of their official duties, as within the meaning of Title 42 U.S.C. §§ 1983 and 12101 *et seq*.

## BACKGROUND FACTS

9. On August 6, 2014 McLemore was returning from his neighborhood convenience store via his home's alley.

10. Approximately 100 feet from his home, near his own garage, Mr. McLemore came upon a police officer, who told him not to walk in the alley.

11. Mr. McLemore agreed, stated he was just going home, pointed to his home which was several feet away, and left the alley and began walking through his neighbor's yard so that he could reach his home.

12. As McLemore approached his backdoor, he saw several police officers in his backyard and they made unprofessional and expletive remarks to him.

13. Mr. McLemore told them that he had followed their instructions and that he did not appreciate their language. He also told them that they were the ones in his backyard and were trespassing.

14. Mr. McLemore entered the backdoor of his home and was turning to close the door when Officer Yang grabbed him.

Exhibit B

15. Without invitation, Officer Yang had entered McLemore's home.

16. McLemore saw officer Steward standing behind Officer Yang.

17. Officer Yang asked McLemore, "Have anything else to say, smart-ass?"

18. Officer Steward then reached out and began to punch McLemore in the face repeatedly.

19. Officer Yang then placed McLemore in a chokehold and removed him from his house in the chokehold. Officer Yang then body slammed McLemore onto the concrete sidewalk.

20. While on the ground, McLemore was kicked repeatedly in his ribs and stomach.

21. Officer Yang then drove his knee into McLemore's back and applied his full body weight into McLemore's back.

22. McLemore stated that he could not breathe. Officer Yang replied that he was fine.

23. McLemore never resisted the officers.

24. After kicking him multiple times, one of the officers handcuffed McLemore and then purposely and violently jerked the handcuffs upward causing severe pain to McLemore's arms.

25. The Officer then said, "have anything else to say smart-ass?"

26. McLemore was then purposely slammed into the side of the squad car and then placed in the back seat of the squad car.

Exhibit B

27. The officers then told McLemore that they were the police and could do what they wanted and that police don't trespass because they can go where they want.

28. McLemore, whose face was bleeding profusely was eventually taken to the hospital where his wounds were treated and he was diagnosed with a broken vertebrae.

29. McLemore was arrested and charged with Obstruction of the Legal Process with Force. These charges were eventually dismissed.

30. McLemore was unable to work for several months due to his injuries.

## COUNT I:

## EXCESSIVE FORCE / UNREASONABLE SEARCH & SEIZURE / UNLAWFUL ARREST

### THE UNITED STATES CONSTITUTION – TITLE 42 U.S.C. § 1983

31. Mr. McLemore incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

32. Title 42 U.S.C. § 1983 prohibits, *inter alia*, state actors from depriving persons of any rights, privileges, or immunities secured by the United States Constitution, including the right to be free from excessive force and unreasonable search and seizures as guaranteed by the Fourth Amendment and incorporated through the Fourteenth Amendment. This right was clearly established in August 2014.

33. In violation of 42 U.S.C. § 1983, the Defendants deprived McLemore of his right to be free from excessive force and unreasonable search and seizures when he was beaten and/or arrested without probable cause or any legal justification.

Exhibit B

34. The Defendants' actions were not objectively reasonable under the Fourth Amendment or for purposes of qualified immunity under the totality of circumstances.

35. As a direct and proximate result of the Defendants' actions, McLemore has been injured, suffering physical and emotional injury, including but not limited to: physical damage to his back and body, mental and emotional anguish, discomfort, embarrassment, humiliation, fear, anxiety, apprehension, sleeplessness, a generally diminished sense of personal and family safety, outrage, medical fees, attorneys' fees, the costs of bringing suit, and more.

36. Defendants, as a result of their outrageous and illegal behavior, are liable to McLemore for the above-mentioned injuries as well as punitive damages.

37. Total damages suffered by Mr. McLemore are in excess of $75,000.00, to be further determined at trial.

## COUNT II:

### FIRST AMENDMENT RETALIATION

### THE UNITED STATES CONSTITUTION - TITLE 42 USC § 1983

38. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

39. Based upon the above factual allegations, Defendants through their actions, acting under the color of state law, violated McLemore's right to free speech under the First Amendment to the United States Constitution. Specifically, McLemore exercised

his right to free speech protected by the First Amendment when he stated that Defendants and the other Minneapolis Police Officers in his backyard should not speak to him that way and that they were trespassing.

40. Defendants took action against Plaintiff that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they maliciously attacked and beat McLemore

41. Defendants committed this constitutional violation against McLemore in retaliation for exercising his First Amendment right to free speech.

42. Defendants, as a result of their outrageous and illegal behavior, are liable to McLemore for the physical injuries, mental anguish and emotional harm, as well as punitive damages, costs related to this lawsuit, attorney's fees, and more. .

43. Total damages suffered by Mr. McLemore are in excess of $75,000.00, to be further determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

Enter a judgment in favor of Plaintiff and against Defendants as follows:

1. An order granting Plaintiff judgment against Defendants;
2. An order granting Plaintiff compensatory damages in such amount as the jury may determine but not less than $75,000.00;
3. An order granting Plaintiff punitive damages in such amount as the jury may determine not less than $75,000.00;

Exhibit B

4. An order granting Plaintiff injunctive and declaratory relief against Defendants, whereby the Defendants are temporarily and permanently enjoined and restrained from any further unlawful behavior, harassment, discrimination, and retaliation of the Plaintiff.

5. An order for Defendants to pay Plaintiff's costs, interest and attorneys' fees, as allowed under Title 42 U.S.C. § 1988.

6. An order for Defendants to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

*Plaintiff demands a jury trial.*

Dated: November 3, 2014

**KUHLMAN LAW, PLLC**

s/Christopher J. Kuhlman
Christopher J. Kuhlman, #386840
333 Washington Avenue N., Suite 335
Minneapolis, MN 55401
Phone: 612.349.2747
ckuhlman@CkLegal.com

**ATTORNEYS FOR PLAINTIFF**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that sanctions may be awarded, pursuant to Minn. Stat. § 549.211, to the parties against whom the allegations in the pleadings are asserted.

*[signature: Chris Kuhlman]*

November 3, 2014

Exhibit B

_____
Christopher J. Kuhlman



Exhibit B