UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jesse McLemore,** | Case No.:  14-cv-04828 (ADM/SER) |
| **Plaintiff,** | |
| v. | ANSWER OF JER YANG, CHRISTOPHER STEWARD, AND SHAWN BRANDT TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| **Officer Jer Yang (aka James Yang), individually and in his official capacity as a Minneapolis Police Officer; Officer Christopher Steward, individually and in his official capacity as a Minneapolis Police Officer; Officer Shawn Brandt, individually and in his official capacity as a Minneapolis Police Officer,** | |
| | JURY TRIAL DEMANDED |
| **Defendants.** | |

Defendants, Jer Yang, Christopher Steward, and Shawn Brandt, for their joint Answer to Plaintiff's First Amended Complaint, state and allege as follows:

Except as admitted, qualified, or otherwise pleaded herein, Defendants deny each and every allegation, matter, and thing in Plaintiff's First Amended Complaint.

Defendants:

### INTRODUCTION

1.      Admit that Plaintiff brings this action for money damages pursuant to Title 42 U.S.C. § 1983; deny the remaining allegations in Paragraph 1 of the First Amended Complaint.

2.      Admit that on August 6, 2014, Plaintiff was in an alley; admit that, during that time period, Officer Yang told Plaintiff to go back the other way; are without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Plaintiff was walking home from a convenience store; are without sufficient knowledge or information to form a belief as to the truth or falsity of what Plaintiff observed; admit that Plaintiff told the police officers that they were trespassing; deny the remaining allegations in Paragraph 2 of the First Amended Complaint.

## JURISDICTION AND VENUE

3. Admit that Plaintiff bases his claims on Title 42 U.S.C. § 1983; deny these claims have any merit; admit this Court has jurisdiction over Plaintiff's claims.

4. Admit that all of the events giving rise to Plaintiff's claims occurred in the City of Minneapolis; deny the remaining allegations in Paragraph 4 of the First Amended Complaint.

## PARTIES

5. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the First Amended Complaint, and they are therefore denied.

6. Admit that Defendant Officer Jer Yang was and still is a police officer for the Minneapolis Police Department and is a resident of Minnesota.

7. Admit the allegations in Paragraph 7 of the First Amended Complaint.

8. Admit the allegations in Paragraph 8 of the First Amended Complaint.

9. Admit the allegations in Paragraph 9 of the First Amended Complaint.

## BACKGROUND FACTS

10. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the First Amended Complaint, and they are therefore denied.

11. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Plaintiff was approximately 100 feet from his home, near his own garage; admit that Officer Yang told Plaintiff that he should go back in the direction from which he had come.

12. Deny the allegations in Paragraph 12 of the First Amended Complaint.

13. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the First Amended Complaint that state what Plaintiff saw; deny the remaining allegations in Paragraph 13 of the First Amended Complaint.

14. Admit that Mr. McLemore told the officers that they were in his back yard and were trespassing; deny the remaining allegations in Paragraph 14 of the First Amended Complaint.

15. Deny the allegations in Paragraph 15 of the First Amended Complaint.

16. Deny the allegations in Paragraph 16 of the First Amended Complaint.

17. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the First Amended Complaint, and they are therefore denied.

18. Deny the allegations in Paragraph 18 of the First Amended Complaint.

19. Deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Deny the allegations in Paragraph 20 of the First Amended Complaint.

21. Deny the allegations in Paragraph 21 of the First Amended Complaint.

22. Deny the allegations in Paragraph 22 of the First Amended Complaint.

23. Deny the allegations in Paragraph 23 of the First Amended Complaint.

24. Admit Plaintiff stated that he could not breathe; deny the remaining allegations in Paragraph 24 of the First Amended Complaint.

25. Deny the allegations in Paragraph 25 of the First Amended Complaint.

26. Admit Plaintiff was handcuffed; deny the remaining allegations in Paragraph 26 of the First Amended Complaint.

27. Deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Admit that McLemore was placed into the back seat of a squad car; deny the remaining allegations in Paragraph 28 of the First Amended Complaint.

29. Deny the allegations in Paragraph 29 of the First Amended Complaint.

30. Admit that, as McLemore was being transported to Hennepin County Adult Detention Center, he complained of pain and an ambulance was called for him; deny that McLemore's face was bleeding profusely; are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of the First Amended Complaint, and they are therefore denied.

31. Admit the allegations in Paragraph 31 of the First Amended Complaint.

32. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the First Amended Complaint, and they are therefore denied.

## COUNT I:

## EXCESSIVE FORCE/UNREASONABLE SEARCH & SEIZURE/UNLAWFUL ARREST

## THE UNITED STATES CONSTITUTION – TITLE 42 U.S.C. § 1983

33. The allegations in Paragraph 33 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply unlawful or illegal conduct on the part of the Defendants, they are denied.

34. Admit the allegations in Paragraph 34 of the First Amended Complaint.

35. Deny the allegations in Paragraph 35 of the First Amended Complaint.

36. Deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Deny the allegations in Paragraph 37 of the First Amended Complaint.

38. Deny the allegations in Paragraph 38 of the First Amended Complaint.

39. The allegations in Paragraph 39 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

## COUNT II:

## FIRST AMENDMENT RETALIATION

## THE UNITED STATES CONSTITUTION – TITLE 42 USC § 1983

40. The allegations in Paragraph 40 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

41. Deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Deny the allegations in Paragraph 44 of the First Amended Complaint.

45. The allegations in Paragraph 45 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Defendants allege that the acts upon which the First Amended Complaint is made were privileged, were based upon probable cause to believe that Plaintiff had committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

3. The use of force, if any, was privileged under the common law and/or under Minn. Stat. § 609.06.

4. At all times material to the First Amended Complaint, Defendants were governmental officials performing discretionary functions in the scope of their official duties and acting in objective good faith, with a reasonable basis to believe that the actions taken, if any, were lawful and justified, such that they have qualified immunity from liability in this action.

5. Defendants allege that they have immunity in this action under the doctrine of official immunity and vicarious official immunity.

6. Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own negligence and Defendants are not legally responsible.

7. Plaintiff's damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful and illegal acts.

8. Liability is limited by Minn. Stat. § 466.04.

9. Defendants specifically deny that Plaintiff has any right to attorney's fees in this action.

10. Defendant City of Minneapolis is immune from liability for punitive damages.

11. Plaintiff has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

12. Defendant City of Minneapolis alleges that the City of Minneapolis is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983, which are based upon the concept of *respondeat superior*.

15. Plaintiff is not entitled to injunctive relief.

16. All actions taken by Minneapolis Police Officers were authorized by the laws of the United States and the State of Minnesota.

17. Minneapolis Police Officers, at all times, acted in good faith and with reasonable belief that their conduct was lawful.

18. Defendants reserve the right to assert any and all affirmative defenses that become available to them as the facts of this case develop and discovery is taken and received.

19. Plaintiff's claims also may be barred by the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure which are not specifically set forth above. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further

discovery. Defendants therefore allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

Dated:  5-12-15	SUSAN L. SEGAL
	City Attorney
	By

	<u>s/C. Lynne Fundingsland</u>
	C. LYNNE FUNDINGSLAND
	Assistant City Attorney
	Attorney Reg. No. 32712
	Attorneys for Defendants
	350 South 5th Street, Room 210
	Minneapolis, MN  55415
	(612) 673-3339